Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the circuit court of Adams county, to obtain a decree for the foreclosure of a mortgage executed by the appellants. The process was returned executed upon the parties’ nomination, and is without objection, except that the return omits the addition of junior, appended in the process itself, as an affix to the name of Lewis Sanders. No appearance was entered by the defendants, and after two continúan- *212 ces, the bill was taken for confessed, and the matter thereof decreed at the same term, after an account had been taken. by the clerk, without notice to the defendants. A sale of the mortgaged premises took place; the commissioner executed a deed, and returned it into court, but whether the sale was confirmed, nowhere appears. Various objections are taken to the -proceedings.
First, as to the sufficiency of the return upon the process. If the process were in fact served upon the wrong individual, some course should have been taken to make the fact apparent. The only objection to it, is the omission of the addition ujunior P The presumption upon the face of the return is, that the officer did his duty, and executed the process upon the right person; if this were not the fact, it should be denied in some tangible manner.
As to the entering of the decree at the same term at which .the bill was taken for confessed — this is authorized by statute, in regard to the superior court of chancery. How. & Hutch. 523. A statute also directs that the course of proceeding in equity cases, in the circuit courts, shall conform to the course in the superior court of chancery, in similar cases. How. & Hutch. 480. We do not think there was any error in this. We do not now decide, that the rules of the chancery court, adopted by the chancellor, are applicable to equity causes in the circuit courts; but that the statutes passed by the legislature for the regulation of proceedings in chancery, are to be applied to such suits in the circuit courts.
There is another objection, that no notice was given by the commissioner of the time and place of taking the account. If this objection had been made in the court below, it should have been sustained, if the party had at the same time disclosed any reason for a recommitment of the account. But no exception was taken in the court below upon this ground, and the report was confirmed, without objection. There is no rule of the circuit court requiring notice in such case. The taking of an account is but a mode adopted by the court, of ascertaining the amount due, to relieve the judge from making the calculations *213 himself. It bears a strong resemblance to a writ of inquiry of damages, after judgment by default. Although the appellant might not have been bound to notice the proceedings before the commissioner in taking the account, yet he was bound to notice the action of the court in confirming it. He was constructively in court; then was the time for his objections ; and as he made none, he iritis t be taken to have waived any.
The last objection is, that there was no confirmation of the sale of the mortgaged premises. According to the case of Tooley v. Gridley, 3 S. & M. 493, this was necessary. For this reason the decree will be reversed, and the cause remanded, with leave to the party to file exceptions to the sale, when the court below will have right to confirm it or set it aside, as the facts and circumstances may warrant. This decision, however, is to affect nothing which preceded the interlocutory order directing the sale.
Decree reversed, and cause remanded.